**SO ORDERED.**
**SIGNED this 7th day of February, 2018**

_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### EASTERN DISTRICT OF TENNESSEE

In re

THOMAS EDGAR STEWART
aka TOMMY E. STEWART
dba THE SHOP
dba R&R BUILDINGS OR

                    Debtor

Case No. 3:16-bk-31779-SHB
Chapter 13

## O R D E R

For cause shown, after notice and a hearing held on February 7, 2018, the Court directs the following:

1. An evidentiary hearing on the Objection to Claim #9 of Rick N. McGill filed by Debtor on November 14, 2017 [Doc. 155], and the Response thereto filed on December 14, 2017 [Doc. 162], will be held on March 7, 2018, at 1:30 p.m., in Bankruptcy Courtroom 1-C, First Floor, Howard H. Baker, Jr. United States Courthouse, Knoxville, Tennessee.

2. An evidentiary hearing on the Objection to Claim #11 of The Hexagon Company, LLC filed by Debtor on November 14, 2017 [Doc. 157], and the Response thereto filed on December

14, 2017 [Doc. 163], will be held on March 7, 2018, at 1:30 p.m., in Bankruptcy Courtroom 1-C, First Floor, Howard H. Baker, Jr. United States Courthouse, Knoxville, Tennessee.

    3. The parties will observe the following pretrial schedule:

        A. The joint pretrial statement including all stipulations of undisputed facts and issues to be addressed at trial shall be filed at least ten days before the evidentiary hearing. The joint pretrial statement shall also include a statement concerning the use of the court's electronic evidence presentation equipment, including whether either or both parties intend to use the equipment.

        B. If either or any of the parties desires to use the court's electronic evidence presentation equipment, in addition to so stating in the joint pretrial statement, notice must be given directly to Judge Bauknight's courtroom deputy clerk, Heather Connatser (heather_connatser@tneb.uscourts.gov or 865-545-4284) at least five working days before the evidentiary hearing. Because counsel must have received training on the use of the equipment before using it in any trial or evidentiary hearing, counsel shall contact Ms. Connatser at least fifteen days prior to the evidentiary hearing to schedule initial or refresher training.

        C. Notwithstanding any objections, duplicate sets of exhibits with an accompanying index shall be jointly pre-marked and pre-filed in paper form with the clerk's office at least ten days prior to the evidentiary hearing. If the number of exhibits totals ten or more, they shall be tabbed and in notebooks. All such exhibits will be deemed admissible at trial by any party subject only to objections grounded

solely under Federal Rule of Evidence 402 or 403 unless objections to admissibility are filed at least seven days prior to the evidentiary hearing.

D. Only if both parties agree to present evidence by electronic means, the jointly pre-marked and pre-filed exhibits shall be submitted to the clerk's office on a flash drive, CD-ROM, or DVD, together with one set of the exhibits in paper form, at least ten days prior to the evidentiary hearing. All such exhibits will be deemed admissible at trial by any party subject only to objections grounded solely under Federal Rule of Evidence 402 or 403 unless objections to admissibility are filed at least seven days prior to the evidentiary hearing.

E. Upon notification as set forth in subparagraphs A and B above, application of E.D. Tenn. LBR 5073-1 is suspended.

F. Briefs shall be filed at least ten days prior to the evidentiary hearing.

4. Failure to comply with the above pretrial schedule by filing the required documents or, alternatively, to notify the Court of any resolution of the matter or need for continuance before expiration of such deadlines will result in denial, without further notice or hearing, of the relief requested by the noncompliant party or the movant if neither party has complied.

###